Michael A. Roadenbaugh
Reg. No. #38380
LCF P.O. Box 2
Lansing, Kansas  66043-0002



FILED

MAY - 5 2008

Clerk, U.S. District Court
By:_____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

MICHAEL A. ROADENBAUGH, #38380,  )
        Plaintiff,             )
v.                               )   Case No. 08-2178-CM-GLR
CORRECT CARE SOLUTIONS, DR. SAT- )
CHELL, DR. HOANG, DAVID R. MCKUNE)
Warden, ROGER WERHOLTZ, Secretary)
of Corrections,                  )
        Defendant(s).           )

### MOTION TO REMAND ACTION

AND NOW, Plaintiff Michael A. Roadenbaugh, pro se., and respectfully move in this Court to remand this matter to the jurisdiction of state court. Pursuant to 28 U.S.C. § 1447(c), and in support thereof, respectfully states the following:

1.  The above-entitled action pending in the District Court of Leavenworth County, Kansas ia a civil action brought by the above-nmaed plaintiff against this defendant, and others, alleging, in part, a deprivation of a civil right pursuant to 42 U.S.C. § 1983. Plaintiff seek damages in excess of $75,000.00.

2.  Defendant **Correct Care Solutions,** by seeking notice of removal is attempting to escape liability by alleging that the United States District Courts have original jurisdiction. However, under the theory of "Respondeat Superior" liability can not be attached to defendant under **42 U.S.C. § 1983.**

3.  Plaintiff's cause of action is Medical Malpractice. cf "Attorney malpractice action must be remanded to state court, even though case was removed on basis that allegations necessarily would require resolving substantial question of federal patent law, because breach reasonable professional standard of care is common-law cause of action in tort, and fact that advice was rendered on matter governed by federal law-patents and trade secrets-does not provide federal question removal jurisdiction to hear underlying malpractice claim." **Commonwealth Film Processing, Inc. v. Moss & Rocovich, P.C.** (1991, **WD Va) 778 F. Supp. 283.**

4.  "District court never had subject matter jurisdiction over removed suit, and should have remanded it, where only mention of federal law in complaint was oblique reference to defendants' violation of unspecified federal laws." **Avitts v. Amoco Prod. Co.** (1995, **CA5 Tex) 53 F.3d 690.**

5.  Plaintiff states that there are "exceptional circumstances" in this case and there are compelling reasons for the Court to decline

jurisdiction. **28 U.S.C.A. § 1367(c)**. In the present case plaintiff state law claim under medical malpractice statutorily require entitlement to convene a Medical Malpractice Screening Panel to prevent arguing his claims as a result of pleading a "difference of opinion". (Defendant's Affirmative Defense, paragraph 5, page 3 - CORRECT CARE SOLUTIONS' ANSWER TO PLAINTIFF'S COMPLAINT).

WHEREFORE, Plaintiff humbly pray that this Honorable Court will grant his Motion to Remand Action and deny Notice of Removal.

Respectfully Submitted,

Michael A. Roadenbaugh,
pro se.,

## CERTIFICATE OF SERVICE

I, Michael A. Roadenbaugh hereby certify that a true and correct copy of the foregoing Motion To Remand Action was placed in the U.S. mail, postage prepaid, and addressed to:

Reid F. Holbrook, KS#6475
Jeffrey A, Bullins, KS#18340
Holbrook & Osborn, P.A.
Commerce Plaza II
7400 W. 110th Street, Ste. 600
Overland Park, Kansas  66210-2362

And one (1) copy were mailed to:

Libby K. Snider
Supreme Court N. 19457
LCF P.O. Box 2
Lansing, Kansas  66043-0002

On this 1st day of May, 2008.

Mike A. Roadenbaugh

- 4 -