**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**MICHAEL A. ROADENBAUGH,**

**Plaintiff,**

**v.**

**CORRECT CARE SOLUTIONS, et al.,**

**Defendants.**

**No. 08-2178-CM**

**MEMORANDUM AND ORDER**

Plaintiff Michael A. Roadenbaugh brings this action against defendants Correct Care Solutions, et al., alleging a claim pursuant to 42 U.S.C. § 1983 and medical malpractice. The case is before the court on plaintiff's Motion for Remand (Doc. 7). The court denies plaintiff's motion because the court has federal question jurisdiction over plaintiff's 42 U.S.C. § 1983 claim and supplemental jurisdiction over plaintiff's medical malpractice claim.

**I. Judgment Standard**

A defendant may remove a case filed in state court if the plaintiff could have filed suit in federal court originally. 28 U.S.C. § 1441(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* at § 1447(c). As the party invoking the federal court's jurisdiction, the defendant carries the burden of demonstrating that the requirements for exercising jurisdiction are present. *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999). (citation omitted). "Because the courts of the United States are courts of limited jurisdiction, there is a presumption against federal jurisdiction." *Frederick & Warinner v. Lundgren*, 962 F. Supp. 1580, 1582 (D. Kan. 1997)

(citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)). "Doubtful cases must be resolved in favor of remand." *Thurkill v. The Menninger Clinic, Inc.*, 72 F. Supp. 2d 1232, 1234 (D. Kan. 1999) (citing *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995)).

This court has federal question jurisdiction over "all claims 'arising under the Constitution, laws, or treatises of the United States.'" *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003) (citing 28 U.S.C. § 1331). "A case 'arises under federal law' . . . 'if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Empire Healthchoice Assur., Inc., v. McVeigh*, 547 U.S. 677, 678 (2006) (quoting *Franchise Tax. Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983)).

**II. Analysis**

Plaintiff's petition appears to raise two claims: (1) a 42 U.S.C. § 1983 claim for deliberate indifference to serious medical needs presumably in violation of the Eighth Amendment; and (2) a state law claim for medical malpractice. Title 42 United States Code Section 1983 creates a remedy against state officials for violating a person's federal constitutional rights. *Kalina v. Fletcher*, 522 U.S. 118, 123 (1997). Therefore, plaintiff's first claim is a federal question and this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. *Van Cleave v. City of Marysville, Kan.*, 185 F. Supp. 2d. 1212 (D. Kan. 2002) (exercising federal question jurisdiction over a 42 U.S.C. § 1983 claim).

Regarding plaintiff's second claim, the court addresses if it has supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Determining whether this court's exercise of supplemental jurisdiction is appropriate requires a two-step analysis. *Busey v. Bd. of County Comm'rs*, 163 F.

Supp. 2d 1291, 1294 (D. Kan. 2001). First, the court analyzes whether supplemental jurisdiction exists over the claims in question. Second, if such jurisdiction exists, the court analyzes whether it should exercise such jurisdiction. *Id.*

Regarding the first step, federal district courts have supplemental jurisdiction over state law claims that are part of the "same case or controversy" as federal claims. 28 U.S.C. § 1367(a). Restated, this court must decide whether the plaintiff's "state and federal claims 'derive from a common nucleus of operative fact[.]'" *Johnson v. United States*, No. Civ. 05-4036-JAR, 2005 WL 3470343, at *3 (D. Kan. Dec. 19, 2005) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)).

Here, plaintiff has alleged that the defendants have committed medical malpractice by failing to perform surgery on plaintiff's hernia. Plaintiff further alleges that the defendants' failure to perform that surgery violated plaintiff's civil rights. Furthermore, plaintiff's complaint alleges that both claims arose from the same set of facts: defendants' decision not to perform surgery on the plaintiff's hernia. Therefore, both of plaintiff's claims, as defined by plaintiff, derive from the same case or controversy and the court finds that supplemental jurisdiction exists over plaintiff's medical malpractice claim pursuant to 28 U.S.C. § 1367(a).

Regarding the second step, whether this court should exercise supplemental jurisdiction over the plaintiff's medical malpractice claim is discretionary. A district court "may decline to exercise supplemental jurisdiction . . . if":

> (1) the claim raises a novel or complex issue of State law[;] (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction[;] (3) the district court has dismissed all claims over which it has original jurisdiction[;] or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Here, there is no evidence to suggest that any of the enumerated factors in 28 U.S.C. § 1367(c) are present in this case. Plaintiff suggests that there are exceptional circumstances and compelling reasons for this court to decline supplemental jurisdiction. However, plaintiff fails to explain what those situations are and the court finds that there are no compelling reasons for declining supplemental jurisdiction. Plaintiff's claims involve the same defendants and derive from the same set of facts. Settling both of plaintiff's claims in federal court will promote judicial efficiency and fairness. *See Gibbs*, 383 U.S. at 726. In its discretion, the court finds that exercising supplemental jurisdiction over plaintiff's medical malpractice claim is appropriate.

Because the court finds it has federal question jurisdiction over plaintiff's civil rights claim, and the court exercises supplemental jurisdiction over plaintiff's state law medical malpractice claim, the court denies plaintiff's Motion to Remand (Doc. 7).

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Remand (Doc. 7) is denied.

Dated this 7th day of July, 2008, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**