**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **MICHAEL A. ROADENBAUGH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| | ) | |
| v. | ) | No. 08-2178-CM-GLR |
| | ) | |
| **CORRECT CARE SOLUTIONS, LLC** | ) | |
| **DR. SATCHELL,** | ) | |
| **DR. HOANG,** | ) | |
| **DAVID R. McKUNE, Warden** | ) | |
| **ROGER WERHOLTZ, Secretary of** | ) | |
| **Corrections** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff's Motion to Compel Screening Panel (doc. 25). Plaintiff alleges medical malpractice by Defendants, medical personnel at Lansing Correctional Facility's clinic, for their alleged failure to treat his abdominal hernia. He requests that the Court convene a medical malpractice screening panel in his medical malpractice and civil rights action. Plaintiff first requested a screening panel on February 29, 2008, when he filed his action in Leavenworth County District Court. The case was removed to this court on April 18, 2008, before the state court ruled upon the motion. Plaintiff thereafter filed the instant Motion to Compel Screening Panel on October 24, 2008.

In his first motion, filed in state court, Plaintiff requested that the court convene a medical malpractice screening panel pursuant to K.S.A. 60-3501 *et seq*. This statute provides for the

convening of "professional malpractice liability screening panels."[1]  K.S.A. 60-3501(b) defines "professional malpractice liability action" as "any action for damages arising out of the rendering of or failure to render services by a professional licensee."[2]  K.S.A. 60-3501(a) defines "professional licensee" as "any person licensed to practice a profession which a *professional corporation* is authorized to practice *but does not include any health care provider* as defined by K.S.A. 40-3401 and amendments thereto."[3]  The Court finds no decision of the Kansas courts which has applied K.S.A. 60-3501 to a medical malpractice case. "Professional malpractice liability screening panels" have been employed in other types of professional negligence cases, such as legal malpractice and actions against construction, architecture, and engineering firms.[4]  The Court finds that in this case defendant Correct Care Solutions ("CCS") does not fit the definition of a "professional licensee" under K.S.A. 60-3501(a).  It is instead a limited liability company, not a "professional corporation" within the meaning of K.S.A. 60-3501(a).  The Court further finds that co-defendants Drs. Satchell and Hoang also do not meet the definition of "professional licensee" as defined by K.S.A. 60-3501(a).  They fall within the definition of "health care providers" as defined by K.S.A. 40-3401, and therefore are specifically excluded from the definition of "professional licensee" under K.S.A.

---

[1] K.S.A. § 60-3501.

[2] K.S.A. § 60-3501(b).

[3] K.S.A. § 60-3501(a) (emphasis added).

[4] *Foster v. Legal Servs. for Prisoners, Inc.*, 194 P.3d 1213, 2008 WL 4850136 (Kan. App. 2008) (legal malpractice case); *Health Care Properties, L.L.C. v. Paul-Wertenberger Const., Inc.*, 177 P.3d 428, 2008 WL 588152 (Kan. App. 2008) (negligence action against construction company and architecture firm); *McCabe v. Schoenwald*, 166 P.3d 450, 2007 WL 2580631 (Kan. App. 2007) (negligence action against engineering firm).

60-3501.  Accordingly, the Court denies Plaintiff's request to convene a medical malpractice screening panel pursuant to K.S.A. 60-3501 *et seq*.

In his present motion Plaintiff requests that the Court convene the panel pursuant to Kansas Supreme Court Rule 142.  This Rule provides that "[t]he court may convene a medical or professional malpractice screening panel either before or after the filing of a petition in the district court as provided by K.S.A. 65-4901 *et seq*. or K.S.A. 60-3501 *et seq*."[5]  The Court construes the request by Plaintiff for a "medical malpractice" screening panel to invoke K.S.A. 65-4901 *et seq*., which provides for the convening of such panels.  The Medical Malpractice Screening Panels Act, K.S.A. 65-4901 *et seq*., purports to provide for the early resolution of many medical malpractice claims without the expense and delay of actual litigation.[6]

No party disputes the procedural applicability of K.S.A. 65-4901 *et seq*. in this case.  The Court notes, furthermore, that at least one other federal district court has applied a state law, requiring a medical malpractice tribunal.[7]  Like this case, *Turner v. Sullivan* proceeded in the United States District Court with jurisdiction based upon claims under 42 U.S.C. § 1983.[8]  The case included a claim for medical malpractice under state law, for which the court had supplemental jurisdiction.[9]  In *Turner,* the fact that the claim was based upon state law led to its decision to apply the state law, as opposed to focusing on the circumstances that caused the court to have subject matter jurisdiction

---

[5] Kan. Sup. Ct. Rule 142.

[6] *Smith v. Graham*, 282 Kan. 651, 657, 147 P.3d 859 (2006).

[7] *See Turner v. Sullivan*, 937 F. Supp. 79, 80 (D. Mass. 1996) (in federal question case, court applied state medical malpractice procedure for convening of screening panel).

[8] *Id.*

[9] *Id.*

3

in the first place.[10] This matter is analogous. As in *Turner*, the Court concludes that refusing to apply K.S.A. 65-4901 *et seq.* would undercut the state's public policy goal, here the objective of providing early resolution of medical malpractice claims.[11]

That issue being resolved, K.S.A. 65-4901(a) states:

> If a petition is filed in a district court of this state claiming damages for personal injury or death on account of alleged medical malpractice of a *health care provider* and one of the parties to the action requests, by filing a memorandum with the court, that a medical malpractice screening panel be convened, the judge of the district court or, if the district court has more than one division, the chief judge of such court shall convene a medical malpractice screening panel, hereafter referred to as the "screening panel."[12]

K.S.A. 65-4901 *et seq.* thus specifically provides for screening panels in actions for medical malpractice against health care providers. K.S.A. 40-3401(f) defines "health care provider" to include a long list of people and organizations. Drs. Satchell and Hoang fulfill the first definition enumerated, "a person licensed to practice any branch of the healing arts by the state board of healing arts with the exception of physician assistants."[13] The parties have not disputed that Drs. Satchell and Hoang are licensed to practice medicine in Kansas. That fact, coupled with their lack of opposition to this motion, compels the Court to grant Plaintiff's motion as to Drs. Satchell and Hoang.

The Court reaches the opposite conclusion as to Defendant CCS. It argues that it does not meet any of the enumerated definitions of a health care provider and the Court agrees. One definition comes close, but falls short: "a Kansas limited liability company organized for the purpose of

---

[10] *Id.* at 80.

[11] *Id.*

[12] K.S.A. 65-401(a), as amended July 1, 2008 (emphasis added).

[13] K.S.A. 40-3401(f).

4

rendering professional services by its members who are health care providers as defined by this subsection and who are legally authorized to render the professional services for which the limited liability company is organized."[14] CCS says it falls outside that definition; because it is not organized "for the purpose of rendering professional services by its members who are health care providers" and none of its members or incorporators provide medical services through their association with CCS. It further argues that it cannot meet the definitions because it does employ health care providers for the practice of medicine, and on-site and off-site third-party physicians administer all medical care and treatment it provides to inmates. The Court agrees that CCS does not meet the definition of health care provider set forth in K.S.A. 40-3401(f). The Court therefore denies Plaintiffs' Motion as to Defendant CCS, but grants the motion as to Defendants Satchell and Hoang.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Compel Screening Panel (doc. 25) is granted in part and denied in part. Pursuant to K.S.A. 65-4901(a), the Court hereby convenes a medical malpractice screening panel. As set forth in K.S.A. 65-4901(b), Plaintiff shall designate for the screening panel one health care provider licensed in the same profession as Defendants Satchell and Hoang. Defendants Satchell and Hoang shall also designate one health care provider licensed in the same profession as they are licensed. In addition, Plaintiff and Defendants Satchell and Hoang shall jointly designate a health care provider licensed in the same profession as those two defendants. The parties shall notify the Court of their designated health care providers for the screening panel in a pleading **filed within ten (10) days of their receipt of this Order.**

---

[14] K.S.A. 40-3401(f).

**IT IS FURTHER ORDERED THAT <u>Brian G. Boos</u>** is hereby appointed as attorney chairperson of the screening panel. Mr. Boos may be contacted at the following address: 7620 Shawnee Mission Parkway, Suite 408, Overland Park, KS 66202.

**IT IS FURTHER ORDERED THAT** the Court will adopt the suggestion of Kansas Supreme Court Rule 142(d)(1), whereby all discovery in this action is stayed pending a report of the screening panel. This stay shall remain in place until twenty days after the screening panel has issued its written determination pursuant to K.S.A. 60-3505.

Dated at Kansas City, Kansas on this 24th day of February, 2009.

<u>s/ Gerald L. Rushfelt</u>
Gerald L. Rushfelt
United States Magistrate Judge


cc:   All counsel and *pro se* parties
      and

      Brian G. Boos
      7620 Shawnee Mission Parkway
      Suite 408
      Overland Park, KS 66202