### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **MICHAEL A. ROADENBAUGH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 08-2178-CM-GLR |
| | ) | |
| **CORRECT CARE SOLUTIONS, LLC** | ) | |
| **DR. SATCHELL,** | ) | |
| **DR. HOANG,** | ) | |
| **DAVID R. McKUNE, Warden** | ) | |
| **ROGER WERHOLTZ, Secretary of** | ) | |
| **Corrections** | ) | |
| | ) | |
| **Defendants.** | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on Defendants Ky Hoang, M.D. and John Satchell, M.D.'s Motion to Reconsider Memorandum and Order Granting Plaintiff's Motion to Compel Screening Panel (doc. 48). Defendants Hoang and Satchell request that the Court reconsider its February 24, 2009 Memorandum and Order, which granted in part and denied in part Plaintiff's Motion to Compel Screening Panel. They agree with the denial of Plaintiff's originally filed Request for a Screening Panel pursuant to 60-3501 *et seq*. But they ask the Court to reconsider its approval of his subsequently filed request for a medical malpractice screening panel made pursuant to Kansas Supreme Court Rule 142.[1] Defendants contend that the request for a screening panel was thus untimely; because it was not made within 60 days after service, as required by that Rule. As set forth below, the Court denies the motion.

---

[1] Although Defendants cite Kansas Supreme Court Rule 112 in their motion, the Court assumes this is a typographical error and Defendants intended to cite Rule 142, which sets forth the 60-day deadline for requesting a screening panel.

I.      **Standard for Ruling on a Motion for Reconsideration**

Although the Federal Rules of Civil Procedure do not provide for motions for reconsideration,[2] the District of Kansas has promulgated a local rule, D. Kan. Rule 7.3(b), which addresses reconsideration of non-dispositive rulings. Pursuant to D. Kan. Rule 7.3(b), motions seeking reconsideration of non-dispositive orders must be based on "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." Whether to grant or deny a motion for reconsideration is committed to the court's discretion.[3]

"A motion to reconsider may be granted to correct manifest errors, or in light of newly discovered evidence; such a motion is directed not at initial consideration but reconsideration, and is appropriate only if the court has obviously misapprehended a party's position, the facts, or applicable law, has mistakenly decided issues not presented for determination, or the moving party produces new evidence which it could not have obtained through the exercise of due diligence."[4] The party moving for reconsideration has the burden to show that there has been a change of law, that new evidence is available, or that reconsideration is necessary to correct clear error or prevent manifest injustice.[5]

It is well settled that a motion to reconsider is not a second chance for the losing party to ask the court to revisit issues already addressed or to consider new arguments and supporting facts

---

[2]*Hatfield v. Board of County Comm'rs*, 52 F.3d 858, 861 (10th Cir. 1995).

[3]*Hancock v. Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

[4]*Doerge v. Crum's Enters, Inc.,* No. 05-1019-JTM, 2007 WL 1202450, at *1 (D. Kan. Apr. 23, 2007) (citing *Anderson v. United Auto Workers*, 738 F. Supp. 441, 442 (D. Kan.1989)).

[5]*Classic Communc'ns, Inc. v. Rural Tel. Svc., Co., Inc.*, 180 F.R.D. 397, 399 (D. Kan. 1998).

that could have been presented originally.[6]  Nor is a motion to reconsider to be used as "a second chance when a party has failed to present its strongest case in the first instance."[7]  Improper use of motions to reconsider can waste judicial resources and obstruct the efficient administration of justice.[8] Reconsideration may, however, be appropriate "where the court has misapprehended the facts, a party's position, or the controlling law."[9]

## II. Discussion

Under the standard for ruling on a motion for reconsideration, the Court may grant reconsideration of a non-dispositive order if Defendants establish one of the three enumerated grounds.  In this case Defendants base their motion on the third ground for granting reconsideration of a non-dispositive order, i.e., the need to correct clear error or prevent manifest injustice.  They argue that Plaintiff is strictly prohibited by the clear language of Kansas Supreme Court Rule 142 from proceeding with his requested screening panel action.  Rule 142 provides that "[a] request for a screening panel shall not be made later than 60 days after defendants are served with process." Defendants contend that Plaintiff's request for a screening panel pursuant to Rule 142 was not made for well more than 130 days after service of process upon them.  They further argue that the Rule contains no provision that their failure to object to the motion would be deemed a waiver of the time requirement or that any exceptions are left to the discretion of the Court.

---

[6]*Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

[7]*Steinert v. Winn Group, Inc.*, No. 98-2564-CM, 2003 WL 23484638, at *2 (D. Kan. Sept. 24, 2003 (quoting *Prairie Band Potawatomi Nation v. Richards,* No. 99-4071-JAR, 2003 WL 21536881, at *1 (D. Kan. July 2, 2003)).

[8]*RTC v. Williams*, 165 F.R.D. 639, 642 (D. Kan. 1996) (quoting *United States ex rel. Houck v. Folding Carton Admin. Comm.*, 121 F.R.D. 69, 71 (N.D. Ill. 1988)).

[9]*Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000).

Plaintiff first requested a screening panel on February 29, 2008, when he filed his action in Leavenworth County District Court. Plaintiff requested that the court convene a medical malpractice screening panel pursuant to K.S.A. 60-3501 *et seq*. According to the state court records filed in this case (doc. 6), service was accomplished on both Defendants Hoang and Satchell on March 28, 2008.

The case was removed to this Court on April 18, 2008, before the state court ruled upon the motion to convene a screening panel. Plaintiff thereafter filed another Motion to Compel Screening Panel on October 24, 2008. He referred to his earlier motion and requested that the Court halt all proceedings and convene the panel, pursuant to Kansas Supreme Court Rule 142. If Defendants Hoang and Satchell intended to oppose the motion, they should have filed a response to indicate their opposition, as required by D. Kan. Rule 7.1(c). They failed to do so.

In its Memorandum and Order of February 24, 2008, the Court appointed a screening panel, pursuant to K.S.A. 65-4901 *et seq*. The statute authorizes the screening panel, to which Kansas Supreme Court Rule 142 refers. The Kansas Supreme Court, presumably to implement the statute, promulgated the procedure set out in Rule 142, including the time limit of 60 days. In applying the statute, however, this Court construes that rule as one to govern the procedure to be followed in the state courts of Kansas and not necessarily binding upon the procedure in federal courts. This Court has no quarrel whatsoever with the 60-day provision. But it does not follow, as Defendants seem to suggest, that the Rule creates a substantive requirement or limitation that this Court must follow. Were 60 days here treated as statutory limitations, however, Defendants provide no authority for the proposition that it could not be waived by their failure to assert it.

Defendants have failed to establish any grounds for granting reconsideration of the Memorandum and Order of February 24, 2008. They have provided no excuse for their earlier failure to respond to the motion to convene a screening panel. D. Kan. Rule 7.4 provides *inter alia* that, "[i]f a respondent fails to file a response within the time required by Rule 6.1(d), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."

**IT IS THEREFORE ORDERED THAT** Defendants Ky Hoang, M.D. and John Satchell, M.D.'s Motion to Reconsider Memorandum and Order Granting Plaintiff's Motion to Compel Screening Panel (doc. 48) is denied.

Dated at Kansas City, Kansas on this 19th day of March, 2009.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge

cc:   All counsel and *pro se* parties
and

Brian G. Boos
7620 Shawnee Mission Parkway
Suite 408
Overland Park, KS 66202