**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**MICHAEL A. ROADENBAUGH,**

              **Plaintiff,**                            **CIVIL ACTION**

**v.**                                         **No.  08-2178-CM-GLR**

**CORRECT CARE SOLUTIONS, LLC,**
**et al.,**

              **Defendants.**

**ORDER**

Pending before the Court are Defendants' Objection to Plaintiff's Designated Screening Panel Member and Motion to Strike (doc. 57) and Plaintiff's Motion for Court to Select Third Member of Medical Malpractice Screening Panel (doc. 64).  Defendants Satchell and Hoang request in their motion that the Court enter an order to strike Plaintiff's Pleading Naming Health Care Provider for Malpractice Screening.  Plaintiff requests in his motion that the Court select a third member for the medical malpractice screening panel, pursuant to K.S.A. 65-4902.  As set forth herein, Defendants' Motion to Strike Plaintiff's proposed screening panel member is denied as moot, and Plaintiff's Motion for Court to Select Third Member of Medical Malpractice Screening Panel (doc. 64) is denied without prejudice to refiling a similar motion, after Plaintiff and Defendants have conferred and submitted their jointly-proposed list of physicians for the Court to select the third panel member.

Plaintiff alleges medical malpractice by Defendants, medical personnel at Lansing Correctional Facility's clinic, for their alleged failure to treat his abdominal hernia.  On February 24, 2009, the Court granted Plaintiff's motion to compel a medical malpractice screening panel

pursuant to K.S.A. 65-4901(a).  The Court further ordered Plaintiff and Defendants to designate, pursuant to K.S.A. 65-4901(b), one health care provider licensed in the same profession as Defendants Satchell and Hoang for the screening panel.

On March 10, 2009, Plaintiff filed his Pleading Naming Health Care Provider For Malpractice Screening Panel (doc. 52) in which he submitted the name of Pravin Patel, M.D. as his nominee for the medical malpractice screening panel.   On March 31, 2009, Defendants filed their Objection to Plaintiff's Designated Screening Panel Member and Motion to Strike (doc. 57), and on April 2, 2009, submitted the name of a physician for their proposed screening panel member (doc. 60).   On May 4, 2009, Plaintiff filed his Motion for Court to Select Third Member of Medical Malpractice Screening Panel (doc. 64).   Two days later, on May 6, 2009, Defendants filed their Proposed Designation of a Third Screening Panel Member (doc. 66), which listed the names of three physicians for the Court to select the third medical malpractice screening panel designee.

Pursuant to K.S.A. 65-4901(b), Plaintiff and Defendant must each select a member of the medical malpractice screening panel, and both parties must jointly select the third member of the panel.  The Court finds that Plaintiff's proposed panel member, Dr. Pravin Patel, and Defendants' proposed member, Dr. John H. Horton, are not listed on the current list of professional licensees who are willing and available to serve on the screening panel maintained by the Kansas Board of Healing Arts pursuant to K.S.A. 65-4901(c).  Defendants need not propose another screening panel member because their proposed panel member is included on the Kansas Board of Healing Arts' list.

Plaintiff, however, has not indicated that Dr. Patel is willing and available to serve on the medical malpractice screening panel in this matter; and the Court otherwise finds nothing to indicate such willingness and availability.  The Court will therefore require Plaintiff to select a health care

provider from the current list of professional licensees who are willing and available to serve on the screening panel, as maintained by the Kansas Board of Healing Arts, and to provide the Court with the name of the health care provider selected from that list.  As the Court is ordering Plaintiff to designate another health care provider, Defendants' Objection to Plaintiff's Designated Screening Panel Member and Motion to Strike (doc. 57) his designation of Dr. Patel is denied as moot.

In addition, the Court finds that Plaintiff's Motion for Court to Select Third Member of Medical Malpractice Screening Panel (doc. 64) does not comport with the requirement of K.S.A. 65-4901(b) that the third panel member is to be selected jointly by Plaintiff and Defendants.  Thus, the Court requires Plaintiff and Defendants to confer and jointly select a third proposed screening panel member using the Kansas Board of Healing Arts list.

**IT IS THEREFORE ORDERED THAT** Defendants' Objection to Plaintiff's Designated Screening Panel Member and Motion to Strike (doc. 57) is denied as moot.  Plaintiff shall select a physician from the current list of professional licensees who are willing and available to serve on the screening panel maintained by the Kansas Board of Healing Arts, and submit the name of his proposed screening panel member to the Court **within fourteen (14) days of the receipt of this Order.**

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion for Court to Select Third Member of Medical Malpractice Screening Panel (doc. 64) is denied without prejudice.  Plaintiff and Defendants are required to confer by telephone, correspondence, or otherwise, and submit to the Court their jointly proposed panel members **within thirty (30) days of the receipt of this Order.**

Dated at Kansas City, Kansas on this 9th day of June, 2009.


                                        s/ Gerald L. Rushfelt
                                        Gerald L. Rushfelt
                                        United States Magistrate Judge


cc:     All counsel and *pro se* parties
        and Brian G. Boos, 7620 Shawnee Mission Parkway
        Suite 408, Overland Park, KS 66202