## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MICHAEL A. ROADENBAUGH,                 )
                                        )
              **Plaintiff,**           )
                                        )
v.                                      )
                                        )          No. 08-2178-CM
                                        )
CORRECT CARE SOLUTIONS, et al.,         )
                                        )
              **Defendants.**          )
_____)

### MEMORANDUM AND ORDER

      Michael A. Roadenbaugh, a *pro se* plaintiff currently incarcerated at Lansing Correctional Facility, filed this action against defendants Correct Care Solutions ("CCS"); Ky Hoang, M.D.; John Satchell, M.D.; David McKune, Warden; and Roger Werholz, Secretary of Corrections.  Plaintiff brings a claim pursuant to 42 U.S.C. § 1983 against all five defendants, alleging that their failure to perform hernia surgery upon him violated his Eighth Amendment rights.  Plaintiff also asserts a claim of medical malpractice under the laws of Kansas against CCS, Hoang, and Satchell, also based on their failure to perform hernia surgery.  The case is before the court on the following four motions:

      (1)      Defendant Correct Care Solutions' Motion for Summary Judgment (Doc. 28), filed November 20, 2008;

      (2)      Defendants Ky Hoang, M.D. and John Satchell, M.D.'s Motion for Summary Judgment (Doc. 39), filed January 9, 2009;

      (3)      Defendant Correct Care Solutions' Motion for Partial Summary Judgment (Doc. 41) filed January 14, 2009; and

(4)     Defendant CCS's Motion to Strike (Doc. 53) plaintiff's response to defendant Correct

Care Solutions' Reply to Plaintiff's Response to Summary Judgment (Doc. 51).

## I.     Factual and Procedural Background

Plaintiff originally filed this action in Leavenworth County, Kansas, and defendants removed

the case to this court pursuant to 28 U.S.C. § 1441(a).  In an order dated July 7, 2008, this court

denied plaintiff's motion to remand, concluding that the court has federal question jurisdiction over

plaintiff's 42 U.S.C. § 1983 claim and supplemental jurisdiction over plaintiff's medical malpractice

claim.  (*See* Docs. 7, 18.)

The Kansas Department of Corrections filed a *Martinez* report.  The facts are largely

undisputed.  According to the complaint, plaintiff suffers from a severe hernia, which causes

plaintiff discomfort and collateral ailments including general poor health.  Defendant physicians

evaluated plaintiff and advised him that, among other things, that he would need to lose weight

before surgical repair of the hernia could be contemplated.  Plaintiff asserts that, due to the severity

of his hernia, he cannot exercise.  On December 25, 2007, plaintiff was taken to Providence Medical

Center ("Providence"), where, he asserts, "he spent three days being treated and tested to save his

life."  (Doc. 1-2, at 2.)  Plaintiff asserts that the doctors at Providence told him that he needed to

have the hernia repaired.  Plaintiff filed a grievance with prison officials, requesting that they

intervene and require defendants CCS and the physicians to perform the surgery.  The internal

investigation revealed that plaintiff was receiving adequate medical care consistent with prevailing

community standards.  However, plaintiff was not abiding by the physicians' instructions as to diet

and exercise.  This action followed.

Defendant CCS filed a motion for summary judgment, alleging that, on the undisputed facts,

plaintiff received appropriate medical treatment; his constitutional rights were not violated; and CCS cannot be held vicariously liable for any physician negligence.  (Doc. 28.)

The physician defendants filed a motion for summary judgment based on plaintiff's failure to disclose an expert before the deadline set out in the court's scheduling order.  (Doc. 39.)  Defendant CCS filed a motion for partial summary judgment based on the same.  (Doc. 41.)

On plaintiff's motion, pursuant to Kan. Stat. Ann. § 65-4901, *et seq.*, and Kansas Supreme Court Rule 142, Judge Rushfelt entered an order convening a screening panel to evaluate the medical malpractice claims as to defendants Hoang and Satchell.  (Doc. 47.)  Although plaintiff asserted the malpractice claim against CCS as well, Judge Rushfelt determined that CCS did not meet the definition of health care provider set forth in K.S.A. 40-3401(f).  Therefore, the claims against it were not subject to evaluation by a medical malpractice screening panel under Kansas law. All discovery in the case was stayed pending the findings of the panel.

This court has determined that the motions pending in this case can be resolved despite the fact that the medical malpractice screening panel has not yet issued its report or recommendations. Given the posture of this case, the court sees no reason to defer ruling on these motions.

## II.    Judgment Standards

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  If this burden is met, the non-movant must set forth specific facts that would be admissible as evidence from which a rational fact finder could find in the non-movant's favor.  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998).  In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Id.* at 670 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

When, as here, a plaintiff is proceeding *pro se*, the court construes his or her pleadings liberally and holds the pleadings to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007); *McBride v. Deer*, 240 F.3d 1287, 1290 (10th Cir. 2001). The liberal construction of the plaintiff's complaint, however, "'does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based.'" *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court need not accept as true those allegations that state only legal conclusions. *See id.* The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (quotations and citations omitted).

## III.   Discussion

### A.      Defendant CCS's Motion for Summary Judgment (Doc. 28)

There is no dispute that plaintiff is an inmate currently incarcerated at Lansing Correctional Facility; defendant CCS is a legal entity doing business in the State of Kansas as a contract health care service provider; and CCS is responsible for providing health care to all the inmates at Lansing Correctional Facility.

In this motion, CCS argues that it is entitled to summary judgment on the § 1983 claim because plaintiff fails to allege any CCS policy or custom that caused him damages; and on the malpractice claim because CCS cannot be held vicariously liable for the negligence, if any, of the physician defendants.

#### 1.      § 1983 Claim

It is well established that CCS is not a "person" to be sued in a § 1983 action. *Livingston v. Correct Care Solutions*, No. 07-3256-SAC, 2008 WL 1808340, at *1 (D. Kan. April 17, 2008). To

the extent that plaintiff brings his claims against Correct Care Solutions based on the actions of its employees, plaintiff's claim fails because § 1983 claims against corporate defendants may not be premised on principles of respondeat superior. *Smedley v. Corrs. Corp. of Am.*, 175 Fed. App'x 943, 946 (10th Cir. 2005). A private corporation performing a government function is liable under § 1983 only where a plaintiff shows "1) the existence of a . . . policy or custom, and 2) that there is a direct causal link between the policy or custom and the injury alleged." *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993); *Smedley*, 175 Fed. App'x at 946 (applying § 1983 standards for municipal liability to a corporation performing a government function).

By way of response, plaintiff asserts that, because CCS is a limited liability company and not a corporation, it cannot avoid liability.[1] Whether liability under § 1983 extends to a private entity does not depend on how it is organized. The standard applicable to a private entity performing a governmental function, whether organized as a cooperative, a corporation, partnership, limited liability company, or otherwise, is that, to be liable under § 1983, a plaintiff must show a policy or custom, and a direct causal link between the policy or custom and the injury alleged. *See, e.g., Smith v. Bruce*, 568 F. Supp. 2d 1277 (D. Kan. 2008) (evaluating a § 1983 claim against a limited liability company under same standard).

To meet this burden, plaintiff summarily asserts that CCS retains "sole authority to approve/disapprove medical operations necessary to provide competent health care"; and that "this policy and custom attaches liability because this authority becomes the 'direct cause' or 'moving force' behind the constitutional violations claimed by plaintiff." (Doc 43.) Although plaintiff proceeds *pro se* and this court has afforded him some leniency and construed his papers liberally,

---

[1] Plaintiff was given leave to file his response out of time, (Docs. 33, 38), and asserts as a preliminary matter that defendant's motion is not ripe because there has been no discovery or scheduling order. The court concludes that the motion is ripe. Fed. R. Civ. P. 56.

*see Hall*, 935 F.2d at 1110, the court is mindful that "'unsupported conclusory allegations . . . do not create a genuine issue of fact.'" *Annett v. Univ. of Kan.*, 371 F.3d 1233, 1237 (10th Cir. 2004) (citation omitted).

A policy is a formal statement by the private corporation. *See Gates v. Unified School Dist. No. 449 of Leavenworth County, Kan.*, 996 F.2d 1035, 1041 (10th Cir. 1993). A custom is a persistent, well-settled practice of unconstitutional misconduct by employees that is known and approved by the corporation. *Id*.

In this case, neither plaintiff's allegations nor any of the evidence in the record identifies a policy or custom of CCS and a direct causal link between that policy or custom and his alleged injuries. Without a policy or custom, defendant CCS may not be held liable under § 1983. This court finds that, even viewing all evidence and reasonable inferences therefrom in plaintiff's favor, plaintiff has not alleged sufficient facts to establish liability on the part of CCS, and his § 1983 claim against CCS must be dismissed.

### 2.    Malpractice Claim

CCS alleges that, as an entity, it can only act through its agents, and, because it is prevented from employing physicians under Kansas law, it cannot be vicariously liable for the physicians' alleged negligence in failing to perform a hernia surgery. CCS directs the court to *Early Detection Center, Inc. v. Wilson*, 811 P.2d 860, 861, syll. ¶ 4; 866 (Kan. 1991), which holds in pertinent part that "a general corporation is prohibited from providing medical services or acting through licensed practitioners." *Compare St. Francis Reg'l Med. Ctr., Inc., v. Weiss*, 869 P.2d 606 (Kan. 1994) (distinguishing Early Detection Center and holding rule inapplicable to nonprofit hospital).

These contentions are controverted by plaintiff's conclusory allegations that CCS does indeed employ defendant physicians, and that CCS has the sole authority to approve or disapprove

of medical treatments.[2]

Attached to its reply, CCS offers the affidavit of Patrick Cummisky, its Executive Vice President, who states that CCS is a general rather than professional LLC; that it has members who are not physicians, and that CCS does not employ defendant physicians.

A malpractice screening panel has been convened in this case to evaluate the claims against the defendant physicians.  The court finds that, to the extent plaintiff's malpractice claim against CCS arises from the liability of the defendant physicians, it would be premature to rule on this portion of defendant CCS's motion.  The court therefore denies defendant CCS's motion without prejudice to being refiled pending the panel's report and findings.

**B.      Physician Defendants' Motion for Summary Judgment (Doc. 39), and Defendant CCS's Motion for Partial Summary Judgment (Doc. 41)**

The physician defendants and CCS both seek summary judgment on the basis that plaintiff failed to disclose an expert witness to testify that defendants' medical treatment, or refusal to provide medical treatment: failed to adhere to the applicable standards of care; caused or contributed to cause any physical injuries; or in any way rose to the level of deliberate indifference to plaintiff's alleged medical needs.

To prevail in a medical malpractice action in Kansas, a plaintiff must prove three elements: "(1) that a duty was owed by the physician to the patient; (2) that the duty was breached; and (3) that a causal connection existed between the breached duty and the injury sustained by the patient."

---

[2] In a surreply, plaintiff attaches an affidavit of an El Dorado Correctional Facility inmate who states that a CCS physician, who recommended that the affiant see a bone specialist, told him that approval for the "appointment and medical treatment needed to first be approved by Topeka." As set out later in this memorandum and order, the court does not consider this affidavit, but finds that it would be of little relevant value in creating a genuine issue of material fact to preclude summary judgment.

*Wozniak v. Lipoff*, 750 P.2d 971, 975 (Kan.1988).  Negligence is never presumed, and expert

testimony is required in medical malpractice cases to establish the accepted standard of care and to

prove causation.  *Hare v. Wendler*, 949 P.2d 1141, 1146 (Kan. 1997) (quoting *Bacon v. Mercy Hosp.*

*of Ft. Scott*, 756 P.2d 416, 420 (Kan. 1988)).

      Failure to designate an expert can support dismissal of a malpractice claim.  *See McCall v.*

*Dale*, No. 94,164, 2006 WL 463205 at *2 (Kan. Ct. App. Feb. 24, 2006) (holding inmate's failure to

designate an expert witness warranted dismissal of his medical malpractice claim against employees

of prison health service; it was not clear from inmate's complaint what injury he sustained or how

such injury was related to his treatment by employees, and an expert witness, rather than lay

testimony, was necessary to establish such a causal link).

      After the *Martinez* report was issued in this case, the court held a scheduling conference with

the parties, which resulted in a scheduling order setting the deadline for plaintiff to disclose reports

from retained expert witnesses pursuant to Rule 26(a)(2) no later than December 31, 2008.

Although plaintiff has not disclosed any retained expert, or sought an extension of time, the court

finds that certain circumstances in this case preclude dismissal, at this time, on the grounds asserted

by defendants.

      First of all, as noted by plaintiff in his response, and by this court in its order on plaintiff's

Motion for Judgment Of the Pleadings Regarding Motion for Remand, filed this day, plaintiff was

actively requesting this court to convene a screening panel for the purpose of evaluating his

malpractice claim.[3]  Indeed, the court ordered that a medical malpractice screening panel be

---

      [3] As late as January 2009, plaintiff believed that the court had not yet ruled on his motion to
remand or his motion to convene a screening panel; that "[t]has been no discovery initiated and there
has been no scheduling order concluded in this matter."  (Doc. 43, at 1.)

convened, and all discovery in the case has now been stayed.  The purpose of convening such a panel is to, if possible, reach early resolution of medical malpractice claims without the expense and delay of actual litigation.  Kan. Stat. Ann. §65-4901 *et seq*. (The Medical Malpractice Screening Panels Act); *Smith v. Graham*, 147 P.3d 859, 864 (Kan. 2006).  Dismissing plaintiff's case at this stage would undercut this goal.  Moreover, defendants have alleged no prejudice from plaintiff's failure to disclose an expert.  Under the circumstances of this case, and given its current posture, the court finds that defendants' motions should be denied without prejudice at this time.

## C.     Defendant CCS's Motion to Strike (Doc. 53) Plaintiff's Response to Defendant Correct Care Solutions' Reply to Plaintiff's Response to Summary Judgment (Doc. 51).

Defendant CCS asks this court to strike plaintiff's "response" (Doc. 51) as an impermissible surreply.  The rules concerning the filing of a surreply are well established in this district.  Under D. Kan. Rule 7. 1, parties are permitted to file a motion, a response, and a reply.  Surreplies are typically not allowed.  *See, e.g., King v. Knoll*, 399 F. Supp. 2d 1169, 1173–74 (D. Kan. 2005).  Surreplies are permitted in rare cases where a movant improperly raises new arguments in a reply.  In such a situation, leave of court must be secured before filing a surreply.

Looking to the substance of plaintiff's pleading, Fed. R. Civ. P. 8(e); *see also Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 164 (1984) (Stevens, J., dissenting), it is clear to the court that plaintiff's "response" is indeed a surreply.  Plaintiff did not receive permission to file it.  The court therefore grants defendant's motion to strike.

The court notes, however, that plaintiff's "response" also appears to request substantive relief.  If it is plaintiff's intent to seek leave to amend his complaint, or to voluntarily dismiss particular claims, plaintiff should do so by way of filing a motion to amend pursuant to Rule 15 or

for dismissal pursuant to Rule 41(a)(2).[4]

      **IT IS THEREFORE ORDERED** that Defendant CCS's Motion for Summary Judgment (Doc. 28), is granted in part and denied in part.  Plaintiff's §1983 claim against CCS is dismissed; defendant's motion for summary judgment as to the medical malpractice claim is denied without prejudice.

      **IT IS FURTHER ORDERED** that Physician Defendants' Motion for Summary Judgment, (Doc. 39), and Defendant CCS's Motion for Partial Summary Judgment, (Doc. 41), are denied without prejudice.

      **IT IS FURTHER ORDERED** that Defendant CCS's Motion to Strike plaintiff's response to defendant Correct Care Solutions' Reply to Plaintiff's Response to Summary Judgment,  (Doc. 53), is granted.

      Dated this 30th day of July, 2009, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**

---

[4]  In his surreply, plaintiff purports to "move in this Court to have the term 'deliberate indifference' and 42 U.S.C. § 1983 amended . . . and omitted from . . . his complaint" and directs the court to an "Attached Motion To Voluntarily Dismiss Plaintiff's 42 U.S.C. § 1983 claim.  However, no such motion is attached to his filing.