# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MICHAEL A. ROADENBAUGH, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 08-2178-CM-GLR |
| | ) | |
| CORRECT CARE SOLUTIONS, LLC | ) | |
| DR. SATCHELL, | ) | |
| DR. HOANG, | ) | |
| DAVID R. McKUNE, Warden | ) | |
| ROGER WERHOLTZ, Secretary of | ) | |
| Corrections, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff asserts a claim under 42 U.S.C. §1983 for allegedly deliberate indifference to serious medical needs. He also asserts a claim under state law against defendant physicians Hoang and Satchell for allegedly failing to surgically repair his abdominal hernia. This matter is before the Court on Plaintiff's Motion to Compel Photograph of Injury (doc. 81). Plaintiff asks the Court to compel defendant McKune to produce a photograph of his hernia. He states it was taken at the prison on September 17, 2009. Plaintiff proposes to submit the photo as evidence to the medical malpractice screening panel. The Court grants the motion in part and denies it in part.

Defendant McKune, to whom the motion is directed, has filed no response. Accordingly, the Court finds he does not object to the production of the photograph. Defendants Hoang and Satchell have filed the only response. They do not oppose its discoverability or production. They do object to its being submitted and considered by the medical malpractice screening panel, which

the Court has convened, pursuant K.S.A. 65-4901 *et seq.*, and Kansas Supreme Court Rule 142.[1] The Court will therefore grant as unopposed the motion to compel defendant McKune to produce a copy of the photograph. **Within 20 days of the date of this Memorandum and Order**, defendant McKune shall produce a copy of the photograph at issue to the respective counsel for Plaintiff and the Co-Defendants.

Defendants Hoang and Satchell object to submission of the photograph to the chairperson of the medical malpractice screening panel and for consideration by the panel. They argue that the photograph is not admissible as a submission to the screening panel because it is not listed in the statute controlling the procedure for medical malpractice screening panels, K.S.A. 65-4903. They suggest it is irrelevant to the issues to be addressed by the screening panel because the photograph was taken nearly two years after the time frame of the alleged negligence by the physician defendants. They argue that the appearance of the hernia when the photograph was taken can have no bearing on the decision to be rendered by the screening panel.

Plaintiff argues the photograph is admissible, because it falls within the scope of evidence allowed under Kansas Supreme Court Rule 142(d)(4) as tangible evidence. He suggests that, while the Rule specifically prohibits oral testimony, it does not prohibit photographs. He also argues that the photograph is relevant to show the size of his hernia, which still has not been repaired and continues to affect his health.

The Court convened the screening panel as a medical malpractice screening panel, pursuant to K.S.A. 65-4901 *et seq.* K.S.A. 65-4903 determines what materials the screening panel may

---

[1]*See* Feb. 24, 2009 Mem. & Order (doc. 47).

consider in deciding whether there was a departure from the standard practice of the health care provider speciality involved and whether a causal relationship existed between the damages suffered by the claimant and any such departure. Under K.S.A. 65-4903 the screening panel makes its decision "after consideration of medical records and medical care facility records, contentions of the parties, examination of x-rays, test results and treatises." In addition to K.S.A. 65-4903, Kansas Supreme Court Rule 142 provides more specific procedures and deadlines for the submission of materials to the medical malpractice screening panel.[2] Rule 142(d)(4) sets forth the list of materials the plaintiff is to file with the chairperson of the screening panel as follows: "all medical records, medical care facility records, x-rays, test results, treatises, documents, tangible evidence, and written contentions upon which the plaintiff or claimant relies." Rule 142 (d)(8) also provides:

> Oral testimony and the presence of the parties shall not be permitted. The screening panel shall determine if the material provided by the parties is adequate from which a decision can be made on the issue of whether there was a departure from the standard practice of the health care provider or professional licensee and whether a causal relationship existed between the damages claimed by the plaintiff and such departure, if any. If the screening panel determines that further information or legal authority is required, the screening panel at the discretion of the chairperson shall notify the parties of the additional material required and may submit written questions to the parties the answers to which need not be verified under oath. The requested additional material shall be limited to the issues of fact as contained in the contentions.

In *Watkins v. McAllister*, the Kansas Court of Appeals specifically addressed whether other evidence besides what is explicitly listed in K.S.A. 65-4903 could be submitted to a medical

---

[2]Kansas Supreme Court Rule 142 applies to both medical malpractice screening panels under K.S.A. 65-4901 *et seq.* and professional malpractice screening panels under K.S.A. 60-3501 *et seq.*

malpractice screening panel.[3] First, the court determined that the admissibility of evidence for the medical malpractice screening panel is a question of law for the court to decide because it involves the interpretation of a statute.[4] The court held that because K.S.A. 65-4903 includes a list of specific items allowed for consideration the legislature intended to exclude items not expressly included in the list.[5] Second, the court held that a deposition is not a specifically listed item, and thus the legislature intended to exclude depositions from consideration.[6] Kansas Supreme Court Rule 142(d)(8) added more support to the court's holding because it specifically prohibits oral testimony.[7]

In this case, Plaintiff seeks to compel production of a photograph of his injury for submission to the screening panel that was not part of his medical record. As in *Watkins*, the issue of whether the medical screening panel can consider the photograph is a matter of statutory interpretation and as a result must be determined by the Court. The photograph is not included in the list specified for consideration by K.S.A. 65-4903. Although, unlike the deposition in *Watkins*, the Kansas Supreme Court Rules do not specifically prohibit screening panels from considering photographs. Plaintiff argues that Kansas Supreme Court Rule 142 instead allows the screening panel to consider photographs. Specifically, he asserts that Rule 142(d)(4) allows a plaintiff to submit tangible evidence, as well as those items listed in K.S.A. 65-4903.

---

[3] 30 Kan. App. 2d 1255, 1260, 59 P.3d 1021, 1024-1025 (2002).

[4] *Id.* at 1025.

[5] *Id.*

[6] *Id.* (The district court also excluded a written statement of the plaintiff and an employment contract, but the court of appeals did not take up the issue of whether these should be admissible.).

[7] *Id.*

Kansas Supreme Court Rule 142(d)(4) and K.S.A. 65-4903 both include medical records, medical care facility records, x-rays, test results, treatises, and contentions in their respective list of materials to be provided to and considered by the screening panel. Rule 142, however, also lists "documents and tangible evidence" while K.S.A. 65-4903 omits them.

The Court determines that the inclusion of "documents and tangible evidence" in Rule 142(d)(4) is not intended to create an additional category of materials that can be considered by the screening panel. Rather, the reference to "documents and tangible evidence" in Rule 142(d)(4) is merely a description of the form in which the material may take, either in the form of document or some other tangible form, such as perhaps a photograph. Thus, a photograph could be submitted to the screening panel. However, the photograph must also fall within one of the listed categories of materials that the screening panel can consider, i.e., medical records, medical care facility records, x-rays, test results, treatises, or written contentions. In this case, the Court does not find that the photograph at issue in this motion falls into any of those categories. Plaintiff admits that he took the photograph in the visiting room of the correctional facility in September 2009, approximately eighteen months after he filed his petition in state court. As the photograph does not fall within one of the listed categories of materials that the screening panel can consider under K.S.A. 65-4903, it cannot be considered by the medical malpractice screening panel. Plaintiff's request to allow submission of the photograph of his hernia, taken nearly two years after the alleged negligence by defendants, to the screening panel is denied.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel Photograph of Injury (doc. 81) is granted in part and denied in part, as set forth herein. **Within 20 days of the date of this Memorandum and Order**, defendant McKune shall produce a copy of the photograph that

Plaintiff took of his hernia to Plaintiff's counsel. Plaintiff, however, is not allowed to submit the photograph to the screening panel.

Dated in Kansas City, Kansas on this 19th day of January, 2010.

<u>s/ Gerald L. Rushfelt</u>
Gerald L. Rushfelt
United States Magistrate Judge


cc: All counsel and *pro se* parties