# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MICHAEL A. ROADENBAUGH, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 08-2178-CM-GLR |
| | ) | |
| CORRECT CARE SOLUTIONS, LLC | ) | |
| DR. SATCHELL, | ) | |
| DR. HOANG, | ) | |
| DAVID R. McKUNE, Warden | ) | |
| ROGER WERHOLTZ, Secretary of | ) | |
| Corrections | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff asserts a claim under 42 U.S.C. §1983 for allegedly deliberate indifference to serious medical needs. He also asserts a claim under Kansas state law for medical malpractice. The claims arise from the alleged refusal of defendants to surgically repair his abdominal hernia. The Court has convened a medical malpractice screening panel, pursuant to K.S.A. 65-4901 *et seq.,* and the parties have submitted materials to the attorney chairperson of the screening panel. This matter is before the Court on Plaintiff's Motion to Strike Defendants Hoang and Satchell's Joint Response to Plaintiff's Written Contentions (doc. 108). Defendants Hoang and Satchell, to whom the motion is directed, have filed no response to oppose the motion within the time period provided by D. Kan. Rule 6.1(d)(1). The motion is granted.

Plaintiff asks the Court to strike the joint response submitted by Defendants to the screening panel. He argues that they inappropriately attached a Kansas Department of Corrections ("DOC") policy, a grievance form, and DOC policies from Oregon and Texas as exhibits to their response.

Plaintiff argues that the Court has already ruled that only those materials that fall within the categories listed within K.S.A. 65-4903 may be considered by the screening panel. He asserts that DOC policies and grievance forms do not fall within those categories. Plaintiff also contends that a reference by Defendants to his murder conviction in the first paragraph of the Joint Response exceeds the scope of Kansas Supreme Court Rule 142(d)(7). Plaintiff requests that the joint response be stricken and that Defendants be ordered to file new written contentions that omit the offensive exhibits and the references to a murder conviction.

K.S.A. 65-4903 governs what materials a screening panel may consider in deciding whether there was a departure from the standard practice of the health care provider speciality involved and whether a causal relationship existed between the damages suffered by the claimant and any such departure. The statute provides that the screening panel makes its decision "after consideration of medical records and medical care facility records, contentions of the parties, examination of x-rays, test results and treatises." Kansas Supreme Court Rules provide more specific procedures and deadlines for the submission of materials to the medical malpractice screening panel.[1] Kansas Supreme Court Rule 142(d)(5) sets forth the list of materials the defendant is to provide to the chairperson of the screening panel: "all medical records, medical care facility records, x-rays, test results, treatises, documents, tangible evidence, and written contentions not theretofore provided." With regard to a party's written contention, Rule 142(d)(7) requires that the contention contain "a statement of the issues of fact and law; a brief statement of the facts in support of and in opposition to the claim; and a brief statement of the law that is applicable with citation of authority in support

---

[1]Kansas Supreme Court Rule 142 applies to both medical malpractice screening panels under K.S.A. 65-4901 *et seq.* and professional malpractice screening panels under K.S.A. 60-3501 *et seq.*

thereof." The Rule also provides that "[c]ontentions shall not contain a statement of facts not included in the material filed with the chairperson."[2]

The Court agrees with Plaintiff that the DOC policies and grievances are not included in the list of materials Defendants are to provide to the chairperson of the screening panel under Kansas Supreme Court Rule 142(d)(5). They also do not fall within any of the categories of materials set forth in K.S.A. 65-4903 that the screening panel considers in making its determination. Defendants are entitled to submit written contentions, but those contentions are limited to a statement of the issues of fact and law, a statement of the facts in opposition to the claim, and a brief statement of the applicable law with citations.[3] Rule 142(d)(7) does not provide for the submission of exhibits not otherwise allowed by K.S.A. 65-4903 or Rule 142(d)(4)-(5) in support of written contentions. The materials to be submitted and considered by the screening panel under K.S.A. 65-4903 or Rule 142(d)(4)-(5) are generally limited to medical records, x-rays, test results, treatises, and other materials necessary for the panel to determine whether a health care provider departed from the standard practice of the health care speciality involved. Given the narrow health care nature of the information permitted, Defendants may not attach DOC policies and grievances as exhibits to their written contention to the screening panel, absent some express authority for doing so.

Plaintiff also contends that Defendants' reference to his murder conviction in the first paragraph of the Joint Response exceeds the scope of Kansas Supreme Court Rule 142(d)(7). He requests that the joint response be stricken and Defendants be ordered to file new written contentions omitting any references to his murder conviction. The Court agrees that Defendants should not be

---

[2]Kan. S. Ct. Rule 142(d)(7).

[3]*Id.*

3

permitted to refer to Plaintiff's murder conviction in their joint response. The purpose of the screening panel is to decide "whether there was a departure from the standard practice of the health care provider speciality involved and whether a causal relationship existed between the damages suffered by the claimant and any such departure."[4] The Court does not find that references to a prior criminal conviction would be relevant to the determination to be made by the screening panel.

IT IS THEREFORE ORDERED THAT Plaintiff's Motion to Strike Defendants' Joint Response to Plaintiff's Written Contentions (doc. 108) is granted, as set forth herein. **Within 15 days of the date of this Memorandum and Order**, Defendants Hoang and Satchell shall submit an amended Joint Response to the Medical Malpractice Screening Panel that does not attach the DOC policies and grievance forms and does not refer to a murder conviction.

Dated in Kansas City, Kansas on this 19th day of April, 2010.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge

cc: All counsel and *pro se* parties
Mr. Brian Boos, Esq., Screening Panel Chairperson

---

[4] K.S.A. 65-4903.