# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MICHAEL A. ROADENBAUGH, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 08-2178-CM-GLR |
| | ) | |
| CORRECT CARE SOLUTIONS, LLC, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff asserts a claim under 42 U.S.C. §1983 for deliberate indifference to serious medical needs, and a state law claim for medical malpractice relating to the alleged refusal by defendant physicians Hoang and Satchell to surgically repair his abdominal hernia. This matter is before the Court upon Plaintiff's Motion to Strike Defendants Hoang and Satchell's First Amended Joint Response to Plaintiff's Written Contentions (doc. 112). Plaintiff seeks an order to strike Defendants' First Amended Response, to state the applicable standard of care for the screening panel to apply, and to instruct Defendants to omit argument that the standard of care is modified or impacted by prison policies. The Court grants the motion in part and denies it in part.

**I.  Relevant Background**

Upon an earlier motion, pursuant to K.S.A. 65-4901, *et seq.*, and Kansas Supreme Court Rule 142, the Court ordered the convening of a screening panel to evaluate the medical malpractice claims asserted against Defendants Hoang and Satchell. In accordance with the order convening the screening panel, the parties submitted their materials to the attorney chairperson of the screening panel in February and March 2010. On April 1, 2010, Plaintiff filed a motion to strike the joint

response submitted by Defendants to the screening panel. He argued that they inappropriately attached a Kansas Department of Corrections ("DOC") policy, a grievance form, and DOC policies from Oregon and Texas as exhibits to their response. Plaintiff argued that these materials did not fall within the categories listed within K.S.A. 65-4903 to be considered by the screening panel. On April 19, 2010, the Court granted Plaintiff's motion to strike. It ordered Defendants to submit to the screening panel an amended joint response without attaching the DOC policies and grievance forms.[1] Defendants submitted their amended joint response on April 26, 2010. The instant motion followed.

## II.     Request to Strike Defendants' First Amended Joint Response

Plaintiff asks the Court to strike the amended joint response, submitted by Defendants to the screening panel. He argues that it misstates the applicable standard of care the screening panel is to apply and inappropriately includes six website address links to DOC policies from Kansas, Oregon and Texas. Consequently, Defendants propose an erroneous standard of care that too narrowly interprets the Kansas "Locality Rule" and would allow prison policies to modify the standard. Plaintiff argues that the Court has already ruled that only those materials that fall within the categories listed in K.S.A. 65-4903 may be considered by the screening panel. He further points out the Court's earlier Order, granting his first motion to strike, makes clear that the screening panel cannot *consider* such prison policies.

Defendants should not include a reference and citation to DOC policies in their response to the screening panel. The Memorandum and Order of April 19, 2010 (doc. 110) states that:

> . . . DOC policies and grievances are *not* included in the list of materials Defendants are to provide to the chairperson of the screening panel under Kansas Supreme Court

---

[1] April 19, 2010 Mem. & Order (doc. 110).

> Rule 142(d)(5). *They also do not fall within any of the categories of materials set forth in K.S.A. 65-4903 that the screening panel considers in making its determination . . .*[2]

Defendants removed the DOC policies from their list of exhibits. But they then referred to those policies through web address citations in their response. Although the text of the Order provided that "Defendants . . . shall submit an amended Joint Response . . . that does not *attach* the DOC policies," the parties should read it as a whole. The Court limited the materials the screening panel may consider. The Order cited Kansas Supreme Court Rule 142(d)(7) and stated that the parties' "[c]ontentions shall not contain a statement of facts not included in the material filed with the chairperson." The amended response of Defendants should not have included website address links for the DOC policies.

Defendants argue that the objection by Plaintiff to their amended joint response violates Federal Rule of Civil Procedure 12(g)(2). That rule provides that "a party that makes a motion . . . must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." The Court finds this argument disingenuous. It presupposes that Plaintiff should have anticipated that Defendants would yet include citations to the DOC policies in their amended response, after the Court had ruled that the screening panel cannot consider the policies. To the contrary, the Court finds that the instant motion does not raise a defense or objection that was available but omitted in the earlier motion.

### III. Standard of Care to be Applied by the Screening Panel

Plaintiff also requests that the Court state the applicable standard of care that the screening panel is to apply or to instruct Defendants to omit argument that the standard of care is modified or impacted by prison policies.

---

[2] *Id.* at 3 (emphasis added).

Under Kansas Supreme Court Rule 142(d), the parties are permitted to submit their written contentions to the screening panel. Kansas Supreme Court Rule 142(d)(7) gives instruction about the contents of those written contentions and their use by the screening panel. The Rule provides that they "shall contain a statement of the issues of fact and law; a brief statement of the facts in support of and in opposition to the claim; and a brief statement of the law that is applicable with citation of authority in support thereof."[3] K.S.A. 65-4903 and Rule 142 further require that the screening panel then consider the medical records and medical care facility records, contentions of the parties, examination of x-rays, test results and treatises and determine "whether there was a departure from the standard practice of the health care provider specialty involved and whether a causal relationship existed between the damages suffered by the claimant and any such departure."[4] The screening panel then prepares a written opinion of its findings.[5] Among other requirements, the opinion shall state the "standard of practice of the health care provider specialty or profession involved under the facts of the claim," and "whether there was a departure from the standard practice of the health care provider specialty or profession involved and the facts in support of a finding of departure, if any is found."[6]

Kansas Supreme Court Rule 142 thus allows a party to include in its written contentions a statement of the law that it contends to be applicable with supporting citations of authority. A statement of the appropriate standard of professional medical care that the screening panel should apply constitutes a statement of the law. Supporting citations for legal authority would include statutes or case law for the proposed standard of medical care. It would not include, however, references to DOC policies that would create or alter the professional standard of medical care.

---

[3] Kan. Sup. Ct. Rule 142(d)(7).
[4] K.S.A. 65-4903; Kan. Sup. Ct. Rule 142(d)(9).
[5] Kan. Sup. Ct. Rule 142(d)(10).
[6] Kan. Sup. Ct. Rule 142(d)(10)(A), (B).

Defendants can argue that the applicable standard of care should be impacted by such prison conditions and circumstances as may be shown or reasonably inferred from the record, e.g., physical confinement within the prison, availability or unavailability of staff for attendant care, length of confinement, limitations upon physical activity of the plaintiff, lack of on-site medical equipment or facility for conducting examinations or treatment. And the contentions may include, of course, *legal* authority in support of the argument.

The written contentions may not, however, attach or refer to DOC policies. The reason for such restriction is that the standard of medical care in Kansas is to be determined by medical experts--in this instance the medical screening panel–not by Department of Corrections policy.[7] The Court finds this consistent with the Kansas cases cited by Defendants on page 4 of their response (doc. 114) to the motion: *Durflinger v. Artiles*, 234 Kan. 484, 673 P.2d 86 (1983), *disapproved on other grounds by Boulanger v. Pol*, 258 Kan. 289, 900 P.2d 823 (1995); *Lashure v. Felts*, 40 Kan. App. 2d 1001, 1008, 197 P.3d 885, 891 (2008); *Riggs v. Gouldner*, 150 Kan. 727, 728, 96 P.2d 694 (1939). The duty of a health care provider to exercise due care, moreover, is a duty owed to the patient personally, not to the state or to its Department of Corrections. Defendants cite no legal authority–case law or statutory–for their proposal that the screening panel should consider DOC policy in determining a standard of professional medical care. The Court otherwise knows of no such authority.

Defendants request the costs and expenses incurred in responding to the motion. As stated above, the Court does not find that Plaintiff violated Rule 12(g). It finds that an award of costs and expenses, therefore, is not warranted. It denies the request.

---

[7]*See* PIK Civil 4th, 123.10.

IT IS THEREFORE ORDERED THAT Plaintiff's Motion to Strike Defendants' First Amended Joint Response to Plaintiff's Written Contentions (doc. 112) is granted in part and denied in part, as set forth herein. **Within 14 days of the date of this Memorandum and Order**, Defendants KY Hoang, M.D. and John Satchell, D.O. shall submit a second amended Joint Response to the Medical Malpractice screening panel that does not attach or refer to the DOC policies.

Dated in Kansas City, Kansas on this 11th day of August, 2010.

s/ Gerald L. Rushfelt<br>
Gerald L. Rushfelt<br>
United States Magistrate Judge