IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL A. ROADENBAUGH,

    Plaintiff,

v.                                        Case No. 08-2178-CM-GLR

CORRECT CARE SOLUTIONS,
et al.,

    Defendants.

## ORDER FOR PAYMENT OF COMPENSATION FOR MEMBERS OF MEDICAL MALPRACTICE SCREENING PANEL

Pursuant to K.S.A. 65-4901 *et seq*., and Kansas Supreme Court Rule 142, the Court convened a medical malpractice screening panel to evaluate the medical malpractice claims asserted by Plaintiff against Defendants Satchell and Hoang. On November 1, 2010, the screening panel filed its Report of Medical Malpractice Screening Panel (ECF No. 125). It concluded that there was no departure from the standard practice of a family physician by the Defendants and no causal relationship between the damages claimed by Plaintiff and the departure alleged.

K.S.A. 65-4907 provides for compensation of the health care provider members of the screening panel and for the attorney chairperson, along with payment of their expenses. The statute specifically provides that, "Each health care provider member of the screening panel shall be paid a total of $500 for all work performed as a member of the panel exclusive of time involved if called as a witness to testify in court, and in addition thereto, reasonable

travel expense. The chairperson of the panel shall be paid a total of $750 for all work performed as a member of the panel exclusive of time involved if called as a witness to testify in court, and in addition thereto reasonable travel expenses. . . ."

K.S.A. 65-4907(b) further designates who shall pay the compensation and expenses of the panel: "Costs of the panel including travel expenses and other expenses of the review shall be paid by the side in whose favor the majority opinion is written." Because the majority or unanimous opinion is written in favor of Defendants Satchell and Hoang, the Court finds they should pay the compensation and expenses of the screening panel, pursuant to K.S.A. 65-4907.

The Court finds that each of the three health care providers, Robert E. Jacoby, M.D., Korri Lynn Napier, M.D., and Arthur D. Snow, Jr., is entitled to the statutory fee of $500. The Court further finds that the chairperson of the screening panel, Brian G. Boos, is entitled to the statutory fee of $750. Upon the oral reports of defense counsel and of Mr. Boos, chairperson, the Court finds that the members of the panel did not incur travel expense.

IT IS THEREFORE ORDERED THAT **within thirty (30) days of the date of this Order** Defendants Satchell and Hoang shall pay to each member of the medical malpractice screening panel the statutory compensation, as hereinabove designated, and shall file with the Court receipts or affidavit to show that such payments have been made.

Dated this 11th day of January 2011, at Kansas City, Kansas.

                                              <u>S/ Gerald L. Rushfelt</u>
                                              Gerald L. Rushfelt
                                              U.S. Magistrate Judge